### HOY v. COWGILL.

PRACTICE IN THE SUPREME COURT: RECORD: BILL OF EXCEPTIONS.

*Appeal from Jasper District Court.*

TUESDAY, OCTOBER 21.

PLAINTIFF is administrator of Wm. Cowgill, and as such brought this action to set aside a coveyance of real estate, made in his life time to the

defendant. on the ground it was made without consideration and is void as against creditors. The District Court dismissed the petition and plaintiff appeals.

*S. S. Patterson*, for appellant.

*S. N. Lindley* and *A. K. Campbell*, for appellee

SEEVERS, J.—The petition was dismissed because in the opinion of the court the "plaintiff is not the proper party and is not entitled to bring this suit." Whether this ruling is correct it is unnecessary to determine. See, however, *Cooley, Adm'r, v. Brown*, 30 Iowa, 470. Conceding it to be erroneous, was it prejudicial. This we must be able to affirmatively find from the record before us, before we can reverse the judgment below.

The proper motion and order were made for a trial below on written evidence, and the cause is triable *de novo* in this court. At the term at which this cause was submitted, on motion of the appellant, the "bill of exceptions or certificate of evidence" was struck out of the abstract.

The evidence upon which the cause was tried is not, therefore, properly before us. It must be certified by the trial judge under Code, section 2742, or by the clerk under section 3170.

If the evidence was properly here we might conclude that on the merits the plaintiff was not entitled to recover. It is impossible, therefore, to say that prejudicial error affirmatively appears.

We deem it proper to say that some of us, at least, are inclined to believe, were it conceded the evidence was all and properly here, that the petition should be. dismissed on the merits.

AFFIRMED.